J-A21038-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CALVIN JOHNSON, | |
| Appellant | No. 28 EDA 2015 |

Appeal from the PCRA Order entered November 20, 2014,
in the Court of Common Pleas of Philadelphia County,
Criminal Division, at No(s): CP-51-CR-1021331-1984

BEFORE:  ALLEN, MUNDY, and FITZGERALD*, JJ.

MEMORANDUM BY ALLEN, J.:                                   **FILED JULY 22, 2015**

Calvin Johnson ("Appellant") appeals *pro se* from the order denying his third petition for post-conviction relief filed pursuant to the Post Conviction Relief Act ("PCRA").  42 Pa.C.S.A. §§ 9541-46.  We affirm.

The pertinent facts and procedural history have been summarized as follows:

> On September 10, 1985, [Appellant] was found guilty by a jury of the offenses of first degree murder and possession of an instrument of crime.  The sentence imposed by the [trial] court, a term of life imprisonment and a consecutive term of from two and one-half to five years [of] imprisonment, was affirmed on direct appeal by order dated June 12, 1987.  The [Pennsylvania] Supreme Court denied allowance of appeal on [January 28, 1988].  **Commonwealth v. Johnson**, 531 A.2d 32 (Pa. Super. 1987) (unpublished memorandum), **appeal denied**, 517

---

*Justice Fitzgerald, who is specially assigned to the Superior Court, did not participate in this decision.

Pa. 662, 538 A.2d 875 (1988). Appellant then filed a PCRA petition, which was denied by the trial court. [This] Court affirmed the denial of PCRA relief. ***Commonwealth v. Johnson***, 718 A.2d 858 (Pa. Super. 1998) (unpublished memorandum), ***appeal denied***, 558 Pa. 599, 735 A.2d 1268 (1999). Appellant filed a second PCRA petition on December 10, 1999, which was dismissed without a hearing by the PCRA court on timeliness grounds.

***Commonwealth v. Johnson***, No. 2402 EDA 2001 (Pa. Super. 2002) unpublished memorandum at 1-2. On December 19, 2002, this Court rejected Appellant's claim that the PCRA court possessed jurisdiction over his otherwise untimely petition based upon a claim of "government interference." ***Id.*** at 4 (citing 42 Pa.C.S.A § 9545(b)(1)(i)).

Appellant filed the PCRA petition at issue, his third, on May 23, 2012. "After conducting an extensive and exhaustive review," the PCRA court concluded that Appellant's third petition "was untimely filed and that none of the timeliness exceptions applied." PCRA Court Opinion, 2/23/15, at 2. This appeal followed. The PCRA court did not require Pa.R.A.P. 1925 compliance.

Within his *pro se* brief, Appellant raises the following issues:

I. Whether [the PCRA] court possessed jurisdiction of government interference claim – namely government fraud on the court claim?

II. Whether [the PCRA court] erred in dismissing [Appellant's third PCRA] petition as untimely pursuant to fraud on the court claim?

III. Whether the Exception Clause to the timeliness requirement of [Section] 9545 PCRA Amendments (42 Pa.C.S.A. § 9545(b)(1)[)] is equivalent to the ***Martinez v. Ryan***'s [132 S.Ct. 1309 (2012)], procedural default "Cause" law?

Appellant's Brief at 3.

This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. **Commonwealth v. Halley**, 870 A.2d 795, 799 n.2 (Pa. 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. **Commonwealth v. Carr**, 768 A.2d 1164, 1166 (Pa. Super. 2001). Moreover, a PCRA court may decline to hold a hearing on the petition if the PCRA court determines that the petitioner's claim is patently frivolous and is without a trace of support in either the record or from other evidence. **Commonwealth v. Jordan**, 772 A.2d 1011 (Pa. Super. 2001).

Before addressing the claims raised by Appellant in his *pro se* brief, we must first determine whether the PCRA court properly determined that Appellant's third PCRA petition was untimely.

The timeliness of a post-conviction petition is jurisdictional. **Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010) (citation omitted). Thus, if a PCRA petition is untimely, neither an appellate court nor the PCRA court has jurisdiction over the petition. **Id**. "Without jurisdiction, we simply do not have the legal authority to address the substantive claims" raised in an untimely petition. **Id.**

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, an exception to the time for filing the petition. *Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 783 (Pa. 2000); 42 Pa.C.S.A. § 9545(b)(1). Under these exceptions, the petitioner must plead and prove that: "(1) there has been interference by government officials in the presentation of the claim; or (2) there exists after-discovered facts or evidence; or (3) a new constitutional right has been recognized." *Commonwealth v. Fowler*, 930 A.2d 586, 591 (Pa. Super. 2007) (citations omitted). A PCRA petition invoking one of these statutory exceptions must "be filed within sixty days of the date the claim first could have been presented." *Gamboa-Taylor*, 753 A.2d at 783. *See also* 42 Pa.C.S.A. § 9545(b)(2). Moreover, exceptions to the time restrictions of the PCRA must be pled in the petition, and may not be raised for the first time on appeal. *Commonwealth v. Burton*, 936 A.2d 521, 525 (Pa. Super. 2007); *see also* Pa.R.A.P. 302(a) ("Issues not raised before the lower court are waived and cannot be raised for the first time on appeal.").

This Court provided the following calculations regarding the finality of Appellant's sentence when considering the timeliness of Appellant's second PCRA petition:

> [P]ursuant to Section 9545, [Appellant] was required to file a PCRA petition within one year of the date his

judgment of sentence became final. Instantly, Appellant's judgment of sentence became final 60 days after [January 22, 1988], when our Supreme Court denied allowance of appeal and the time allowed for filing a petition for writ of *certiorari* with the United States Supreme Court expired. **See:** 42 Pa.C.S. § 9545(b)(3); Rule 20.1, Rules of the United States Supreme Court (effective August 1, 1984).

*Johnson*, *supra*, unpublished memorandum at 3.

Therefore, in order to be timely, Appellant had to file his PCRA petition no later than March 28, 1989. He did not file his third petition until over twenty-three years later. Thus, it is patently untimely unless Appellant has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. *See Commonwealth v. Beasley*, 741 A.2d 1258, 1261 (Pa. 1999).

Appellant has failed to prove the applicability of any of the exceptions to the PCRA's time restrictions. The PCRA court addressed Appellant's unsuccessful attempt to meet this burden:

> [Appellant] claimed that his trial and PCRA counsel were ineffective, and attempted to invoke the newly-recognized constitutional right exception enumerated at 42 Pa.C.S. § 9545(b)(1)(iii). This exception requires that a petitioner plead and prove the existence of a constitutional right recognized after the expiration of the PCRA's one-year time bar [].
>
> In support of his argument, [Appellant] relies on a recent U.S. Supreme Court case, *Martinez v. Ryan*, 132 S.Ct. 1309 (2012). The *Martinez* case recognized that for purposes of federal *habeas corpus* relief, "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance of trial counsel." *Martinez*, *supra*, at 1315, [Appellant's] reliance on *Martinez* is misplaced, however, because that

case was applicable to federal *habeas corpus* claims, not state post-conviction proceedings. As the Pennsylvania Superior Court has explicitly stated: "While **Martinez** represents a significant development in federal *habeas corpus* law, it is of no moment with respect to the way Pennsylvania courts apply the plain language of the time bar set forth in section 9545(B)(1) of the PCRA." **Commonwealth v. Saunders**, 60 A.3d 162, 165 (Pa. Super. 2013).

PCRA Court Opinion, 2/23/15, at 3-4.

Our review of the record amply supports the PCRA court's conclusion that it lacked jurisdiction to consider Appellant's third PCRA petition. Within his *pro se* brief, while Appellant asserts in his statement of questions involved that the PCRA's timeliness requirements are "equivalent" to the "default 'Cause' law" of **Martinez**, he provides no supporting argument, and this Court in **Saunders** found otherwise. Additionally, although Appellant asserts that the PCRA court "erred when it failed to adjudicate" his claim of governmental interference, as noted above, we previously affirmed the PCRA court's rejection of this claim when concluding that Appellant's second PCRA petition was untimely. **See Johnson**, **supra**, unpublished memorandum at 4-5.

In sum, because the PCRA court correctly concluded that it lacked jurisdiction to consider Appellant's third PCRA petition, we affirm the PCRA court's order denying Appellant post-conviction relief.[1]

---

[1] Given our disposition, Appellant's motion to remand the matter for an evidentiary hearing is denied.

Order affirmed.  Motion denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/22/2015